THE NATIONAL BANK OF LANCASTER v. W. H. MACKEY, JR., AND HENRY STAATZ.

No. 132.

1. FRAUD—*predicated upon the facts of this case.* In an action upon a negotiable promissory note in the hands of an indorsee, an answer that avers that the note was procured by false and fraudulent promises upon the part of the payees therein named, in that they falsely and fraudulently promised the makers, to induce them to buy a stallion and pay four hundred dollars in cash and give their three several notes for twelve hundred dollars payable in one, two and three years, that they would at the end of the first year receive the stallion back, refund four hundred dollars, return the notes and pay to the makers one hundred dollars in money for the keeping of the horse, when in truth they did not intend so to do, but made the promise solely for the purpose of obtaining the money and the notes, and that the plaintiff took the note with the knowledge of these facts, states a good defense to such action.

2. EVIDENCE EXAMINED — *and held to sustain verdict.* The record in this case examined and found to contain sufficient evidence to sustain the verdict of the jury upon said defense.

Error from Geary District Court. Hon. James Humphrey, Judge. Opinion filed June 16, 1897. *Affirmed.*

The plaintiff in error brought this action against the defendants in error to recover four hundred dollars on a promissory note, made on February 23, 1891, and due three years after date, payable to the order of O. L. Thisler and James Spillman, and by them indorsed to the plaintiff Bank. The defendants

438    NATIONAL BANK v. MACKEY.

N. Dept.          Opinion.  Mahan, P. J.        5 Kan. App.

answered that the note was procured from them by
Thisler and Spillman fraudulently, through false
representations, in this : That for the purpose of in-
ducing the defendants to purchase a stallion at a
price of sixteen hundred dollars, and pay thereof four
hundred dollars in cash and give their three several
promissory notes for the remaining twelve hundred
dollars, the said Thisler and Spillman would at the
end of one year take the horse back and refund the
money paid and surrender the notes, allowing the
defendants the use of the stallion for the year and
paying them an additional one hundred dollars ; that
said promise was false and fraudulent in that it was
made simply for the purpose of inducing the de-
fendants to part with their four hundred dollars and
make the notes, without any intention on the part of
Thisler and Spillman of keeping said promise.    The
answer further denied that the plaintiff was an in-
dorsee for value without notice of this defense.    The
case was tried to a jury in the Geary County District
Court, at the October, 1894, term of said court.    At
the conclusion of the defendants' evidence, the plain-
tiff demurred thereto, which demurrer was by the
court overruled.    The plaintiff offered no evidence.
The trial resulted in a verdict for the defendants.    A
motion for a new trial was overruled, and the case is
here for review.

   *Stambaugh & Hurd*, for plaintiff in error.
   *J. R. McClure, J. V. Humphrey*, and *W. S. Roark*, for
defendants in error.

   MAHAN, P. J.  There are, in fact, but two questions
presented.    The first is, does the answer allege facts
sufficient to constitute a defense to the note in the
hands of an indorsee ; and the second is, was there

## NATIONAL BANK v. MACKEY. 439

June 16, 1897.          Opinion.   Mahan, P. J.                    C. Div.

sufficient evidence to support the averment that the note was obtained through false and fraudulent representations, to such an extent as to throw the burden upon the plaintiff of proving that, in fact, it was an indorsee for value. The note became due and payable on the twenty-third of February, 1894, and it was stipulated on the trial that the plaintiff took the note by indorsement on the twenty-sixth day of January, 1894, within thirty days prior to its maturity. It appears from the record that there had been litigation between the original parties, that is, the defendants in error and Thisler and Spillman, respecting the notes, or some of them, theretofore matured.

The principal contention of the plaintiff in error is, that false and fraudulent representations in such a case can be predicated only upon past events or present conditions and existing circumstances; and that the allegations of the answer disclosed only a breach of a covenant, or a contract, for which damages might be awarded, but did not amount to fraudulently obtaining the notes, — that is, that such a fraud could not be predicated upon a promise to do something in the future. This contention cannot be sustained. A representation or declaration of a present intention to do something in the future — as in this case, or of one party to marry another — made with a fraudulent intent for the purpose of inducing another to part with his property, sufficiently false and fraudulent to avoid a contract or afford ground for equitable relief.

The other contention is, that the evidence offered in behalf of the defendants is not sufficient to sustain the allegation that the promise was made with a fraudulent intent and without any intention of performance upon the part of Thisler and Spillman, and for that reason the demurrer to the evidence should have been

sustained and the motion for a new trial allowed. This question of fact is one peculiarly within the province of the jury to decide. There is some evidence to sustain the findings of the jury, and all of the evidence offered is uncontradicted and must be taken as absolutely true. The verdict is not unsupported by the evidence. There was sufficient to go to the jury upon the question and it was their province to determine the fact. The trial court approved the verdict, and we find no reason why it should be disturbed.

The judgment is affirmed.